UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION 513 HEALTH AND WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:18-cv-01279-SNLJ |
| PETRY EXCAVATING, LLC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion (#9) seeking to hold defendant Petry Excavating, LLC. in civil contempt for having failed to comply with this Court's Order of December 19, 2018, in which defendant was ordered to provide an accounting through the production of relevant records from July 2016 to December 2018.

Plaintiffs filed this action under the Employee Retirement Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging defendant failed to accurately report its fringe benefit obligations and failed to pay certain contributions owed under the parties' collective bargaining agreement.

This case was filed on August 1, 2018. Service was achieved on September 3, 2018. Defendant failed to answer, and therefore the Clerk of Court entered default judgment against it on November 28, 2018. Plaintiffs then moved for an order compelling an accounting so as to determine their damages. That motion was granted by this Court

1

on December 19, 2018, and defendant was ordered to produce relevant documents within ten (10) days. Having heard nothing from defendant, plaintiffs filed a motion for civil contempt on March 29, 2019. That motion was served on defendant on April 6, 2019. On April 30, 2019, this Court ordered defendant to show cause by May 10, 2019, why it should not be held in contempt for failing to comply with the Court's December 19 Order compelling an accounting. Defendant did not respond.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In Re Reed*, 888 F.3d 930, 936 (8th Cir. 2018). This Court ordered defendant to produce specific documents requested by plaintiffs, to include "individual compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of July 2016 [to the date of the Order]." [#6, 8]. Defendant was given notice that plaintiffs sought to hold it in civil contempt for failure to comply with the December 19 Order, and defendant was given an opportunity to respond. Nevertheless, defendant chose not to respond.

At this juncture, the coercive power of civil contempt is necessary to compel defendant's participation. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("Civil contempt … seeks [to] coerce the defendant to do what the court had previously ordered him to do."). This Court finds that a per diem fine, imposed for each additional day

2

defendant refuses to comply, is appropriate to compel defendant to comply moving forward. Defendant will be assessed $200.00 per day of continued non-compliance; however, the effective date of this sanction will be delayed for seven days to allow defendant one final opportunity to avoid contempt penalties. *See Greater St. Louis Const. Laborers Welfare Fund v. Town & Country Masonry and Tuckpointing, LLC*., 2013 WL 5436645 (E.D. Mo. Sept. 27, 2013) (imposing a $200.00 fine in an ERISA delinquency action); *see also Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 903 (8th Cir. 2004) (approving a per diem fine as "a classic form of civil contempt remedy"). This fine can be avoided with defendant's immediate compliance with this Court's December 19 Order. Should the fine be incurred, it shall be paid to the Court. *See Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006).

Plaintiffs also seek their attorneys' fees "associated with having to bring [its] motion for contempt." District courts have "inherent power to enforce compliance with [their] lawful orders and mandates by awarding civil contempt damages, including attorneys fees." *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1340 (8th Cir. 1975). Because plaintiffs suffered attorneys' fees for the recalcitrant behavior of defendant, this Court finds it appropriate to award plaintiffs their reasonable attorneys' fees spent compelling defendant's participation in this suit. Plaintiffs shall file an affidavit of fees and costs for this Court's further consideration.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for civil contempt (#9) is **GRANTED**. Defendant Petry Excavating, LLC. is hereby found in **CONTEMPT** of this

3

Court. As sanctioned, defendant is liable for a fine of $200.00 per day for each day after June 21, 2019, that it continues to refuse to submit its records for inspection as directed by this Court's December 19 Order. Plaintiff's attorney shall promptly contact the Court if and when defendant produces its records for inspection.

**IT IS FURTHER ORDERED** that plaintiffs' request for an award of attorneys' fees and costs is **GRANTED**. Plaintiffs' counsel is given until June 24, 2019, to file an affidavit of fees and costs for this Court's further consideration.

**IT IS FURTHER ORDERED** that plaintiffs shall effect service of this Order and this Court's December 19 Order (#8) on defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the compliance fine ordered herein.

So ordered this 14th day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE